IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

 v.

JOSE SOLTERO,

   Defendant.
             /

No. CR 13-007 SI

**FINAL PRETRIAL SCHEDULING ORDER**

On January 22, 2015, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning February 9, 2015. All parties were represented by counsel. The following matters were resolved:

1. **Trial schedule**: The parties expect that the case will take 8 (or fewer) days to complete. The Court does not hear trials on Fridays (although deliberating juries may continue their deliberations on Friday). The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at noon and a 15 minute break at 1:45 p.m., all times approximate. The trial will not be held on Monday, February 16, 2015 (federal President's Day holiday) or Thursday, February 19, 2015.

2. **Number of jurors and challenges**: There shall be a jury of twelve members, plus two alternate jurors. The government shall have six peremptory challenges, the defendant shall have ten peremptory challenges, and each side shall have one additional peremptory challenge for the alternates.

3. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 20 minutes total to question the panel.

**4.** **Jury instructions**: The Court received proposed jury instructions from the government and from defendant. Counsel are directed to meet and confer in an effort to resolve any differences prior to the time of trial.

5. **Trial exhibits**: No later than February 6, 2015, the plaintiff shall submit its trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side.

6. **Motions in limine**: The parties filed a number of motions in limine, as follows:

**A.** **Government's motions in limine:**

**Motions No. 1 and No. 8**: Defendant made a statement to law enforcement, after his arrest. The statement was not recorded, but a 302 summary was prepared. The government seeks to elicit testimony concerning some, but not all, of the statements made by defendant, and seeks to preclude defendant from cross-examination concerning the statements not elicited (primarily those concerning defendant's assertion that his supervising law enforcement handler devised the extortion plan and took most of the money collected). Defendant contends that the statement cannot fairly be bowdlerized as the government requests. Ruling on these motions is DEFERRED, pending a fuller evidentiary record at time of trial.

**Motion No. 2:** The government seeks to prevent defendant from "referencing punishment" in front of the jury. The motion, as framed, is overbroad and DENIED. Defendant may not present evidence concerning or argue about the sentence which he could receive for the offenses charged here. However, the reference to punishment in other contexts or as to other persons may not be precluded.

**Motion No. 3**: The government seeks to preclude defense counsel from "introducing information not in evidence." The motion, as framed, is premature and unclear, and is DENIED on those grounds. Misconduct by either side will not be allowed, and if either side, for example, deliberately refers in opening statement to evidence which is never introduced during trial, an

appropriate limiting instruction will be given to the jury.

**Motion No. 4:** The government moves to exclude "extrinsic evidence for impeachment." Ruling on this motion is DEFERRED to time of trial, pending a specific evidentiary record.

**Motion No. 5:** The government seeks to require defendant to "proffer a good-faith basis for any Henthorn-type inquiry of a law enforcement witness." The government provides no support for the motion, and it is DENIED at this time without prejudice to review during trial if it should become necessary.

**Motion No. 6:** The government seeks to preclude defendant from using any material "he failed to produce in violation of FRCP 16(b)." The motion is DENIED, without prejudice to review during trial if it should become necessary.

**Motion No. 7:** The government seeks to require that defendant "provide some evidentiary basis for any claim of an affirmative defense." The government provides no support for the motion , and it is DENIED at this time without prejudice to review during trial if it should become necessary.

**Motion No. 9**: The government seeks to admit unspecified FRE 404(b) evidence. Ruling on this is DEFERRED until time of trial, when an evidentiary record will be provided.

**B.** **Defendant's motion in limine:** Defendant seeks to exclude evidence of his 2004 "deactivation" and subsequent "reactivation" as a DEA confidential source. The motion is GRANTED based on FRE 403, without prejudice to review during trial if the evidentiary record supports admission of such evidence.

**IT IS SO ORDERED.**

Dated: January 22, 2015

SUSAN ILLSTON
United States District Judge

3