UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br>   v.<br>JOSE SOLTERO,<br>        Defendant. | Case No. 13-cr-00007-SI-1<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY**<br>Re: Dkt. No. 151 |

On February 18, 2015, the Court held a hearing on defendant's motion to compel discovery. Having considered the specific context of this case and the nature of the charges against defendant, as well as the briefs, exhibits and oral arguments of the parties (and the exhibits provided to the Court at the hearing), the Court GRANTS defendant's motion to compel discovery.

Pursuant to Rule 16(a)(1)(E), *Brady v. Maryland*, 373 U.S. 83 (1967), *Giglio v. United States*, 405 U.S. 150 (1972), and *United States v. Henthorn*, 931 F.2d 29 (9th Cir. 1991), the Court orders the government to produce the following by **February 20, 2015:**

(1) The full and complete government investigation(s) into the public corruption allegations made against the San Francisco Police Department Officer and Officer Ricky ----. If the government has produced all such materials, the government shall affirm that everything it has produced constitutes the entirety of the investigation.

(2) Any and all impeachment information relating to Kevin Lieu, Eric Tran, and Sam Mac, including their Confidential Informant files, any evidence of benefits conferred upon or offered to them by state or federal authorities in exchange their cooperation, any results from investigations into their previous criminal activity and any criminal history reports.

(3) Kevin Lieu's Confidential Informant File from the San Francisco Police Department.

The government is ordered to ask the SFPD an additional time whether the SFPD has a confidential informant file on Lieu. The government is also ordered to ask the San Francisco Police Department Officer whether he has any type of file on Lieu, including an informal confidential informant file. If there is no confidential informant file for Lieu, the government shall so state.

(4) Any *Henthorn* material related to all law enforcement witnesses on its recently-filed witness list, including any material related to the San Francisco Police Department Officer. The government is ordered to follow up on all previous *Henthorn* inquiries to confirm that the agencies either do not have any *Henthorn* material or that all *Henthorn* material will be produced forthwith. The government shall make a specific *Henthorn* inquiry regarding the San Francisco Police Department Officer. The government shall produce any complaints against the San Francisco Police Department Officer; if the government is not sure whether any material should be produced, the government shall submit such material to the Court *in camera*. If there are no responsive documents, the government shall state that this is the case.

(5) All SFPD, Federal Bureau of Investigation ("FBI") and Drug Enforcement Administration ("DEA") official policies regarding confidential informants and human sources.

(6) Records relating to cases in which Mr. Soltero provided information to law enforcement as a confidential source that disclose the type and number of criminals Mr. Soltero helped apprehend.

**IT IS SO ORDERED**.

Dated: February18, 2015

_____
SUSAN ILLSTON
United States District Judge