UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br>    v.<br>JOSE SOLTERO,<br>    Defendant. | Case No. 13-cr-00007-SI-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 255 |

Now before the Court is defendant's motion for an Order to Show Cause. Defendant's motion seeks an order requiring the government to show cause why it has failed to comply with the Court's July 21, 2015 order to produce to defendant "[a]ll currency remaining in the United States' custody, approximately $1000" by July 31, 2015. Dkt. 247. The Court held a hearing on the motion on September 11, 2015, and directed the parties to file supplemental briefs and declarations regarding all of the forfeiture proceedings in this case. The Court has reviewed all of these materials, and for the reasons set forth below, the Court DENIES defendant's motion for an order to show cause.

**DISCUSSION**

On July 20, 2015, the government and counsel for the defendant entered into a Stipulation and Proposed Order for the return of certain property seized from the defendant during the investigation in this case. Dkt. No. 246. On July 21, 2015, the Court signed the Order. Dkt. No. 247. The items sought to be returned include: "a belt buckle, all documents, including, but not limited to financial documents and DMV records, 4 gold coins (Krugerrands), the defendant's passport, back packs purchased from Gilroy Outlets, an AT&T LG phone along with a SIM card,

and all currency remaining in the United States' custody, approximately $1,000." *Id*.

Defendant brings the present motion because the government failed to return the currency pursuant to the stipulation. The government responds that it stipulated to the return of the money under the mistaken belief that defendant had a legitimate ownership interest in the seized money. Assistant United States Attorney Michael Maffei states, "At the time I agreed to the Stipulation and Proposed Order Returning Property to Defendant Jose Soltero by July 31, 2015, I did not know that the money the defense attorneys requested be returned to their client was the 'marked' FBI money used in the extortion scheme." Dkt. 259 ¶ 2.

Defendant argues that the Court should enforce the stipulation and require the government to return the seized currency. The government contends that because defendant never had a legitimate ownership interest in the currency, defendant has "unclean hands" and cannot now demand its return, even where the government erroneously agreed to do so.

The Court concludes that based on the facts of this case, the Court will not enforce the stipulation. It is undisputed that the seized currency at issue was the marked money that the FBI used in the undercover sting operation that ultimately led to defendant's arrest for extortion. The government, through AUSA Maffei, has filed a sworn declaration stating that at the time the government agreed to the stipulation, the government did not know that the money was the marked funds used in the extortion scheme. Under these circumstances, the Court finds it would be against public policy to require the government to return this money to defendant. *See Kardoh v. United States*, 572 F.3d 697, 700-702 (9th Cir. 2009) (holding that the doctrine of *in pari delico* prevented individual from obtaining the court's assistance in recovering money voluntarily paid in furtherance of an illegal contract); *United States v. Farrell*, 606 F.2d 1341, 1349 (D.C. Cir. 1979) ("[I]t is contrary to public policy to permit the courts to be used by the wrongdoer Farrell to obtain the property he voluntarily surrendered as part of his attempt to violate the law. If as the cases hold it is sound public policy to deny the use of the courts to persons *in pari delicto* who seek the return of illegally paid money, *a fortiori* it is sound public policy to deny the aid of the courts to a single violator of the law who seeks the return of money paid to a government agent in an attempt to contract for the purchase of contraband drugs.").

In the course of briefing defendant's motion for an order to show cause, the Court also requested that the government provide additional information regarding the administrative forfeitures of other money and vehicles seized from defendant.  The Court has reviewed this supplemental briefing, and the Court continues to find it curious that approximately $30,000 and two vehicles were administratively forfeited to individuals who were defendant's extortion victims (and drug dealers).  The Court notes, however, that the propriety of those proceedings, as well as the question of whether defendant may have any recourse with regard to those administrative forfeitures, is not before the Court at this time, and thus the Court makes no findings or rulings regarding the administrative forfeitures.

**IT IS SO ORDERED**.

Dated: January 11, 2016

_____
SUSAN ILLSTON
United States District Judge